AXA Global v. Roberts, et al.          CV-99-133-M    03/03/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


AXA Global Risks (U.S.)
Insurance Company,
     Plaintiff

     v.                                   Civil No. 99-133-M
                                          Opinion No. 2000 DNH 056
Wallace Roberts; Merike Petrich;
and Twin Pines Housing Trust, Inc.,
     Defendants


                          **O R D E R**


     Plaintiff, AXA Global Risks (U.S.) Insurance Company ("AXA")

moves to stay, or dismiss its declaratory judgment action,

without prejudice, on grounds that the suit underlying this

coverage dispute has been settled upon terms that include

extension of coverage and dismissal of this case and all claims

by both plaintiff and defendants.  Pro se defendant Merike

Petrich nevertheless objects, but not on pertinent grounds.

     It is plain from the exhibits filed by defendant Petrich

that should a Vermont court determine that she settled the

underlying case upon the terms asserted by plaintiff (as her own

counsel in the Vermont action apparently believes she did) then this case is resolved in substantial part (save perhaps for Petrich's third-party claims). Petrich apparently takes the position in the Vermont litigation that she did not authorize her counsel to settle upon the terms alleged, and that a settlement on those terms should not be enforced. Whether the Vermont settlement is enforceable is an issue pending before Vermont's courts and will be resolved in due course. That issue is not before this court, but its resolution could well resolve this case. Accordingly, this case ought to be stayed pending resolution of the settlement issue in Vermont.

However, it is neither necessary nor appropriate to stay the case with regard to the third-party complaints brought by Petrich against third-party defendants Rubin and Wallace. Both have filed motions to dismiss on preliminary grounds – failure to effect service of process, failure to comply with the Local Rules of this court, and lack of personal jurisdiction.

Petrich's third-party complaints attempt to allege some form of misrepresentation related to Petrich's settlement of a case

2

she brought against Wallace in Vermont (defendant Wallace was represented by third-party defendant Rubin). Apparently Petrich settled the case in exchange for Wallace's agreement to the entry of judgment against him in the amount of $150,000, and an assignment of Wallace's indemnity or coverage rights under an AXA policy. Petrich says, essentially, that she believed AXA would pay the judgment pursuant to the policy, but that Attorney Rubin and Wallace did not "believe" that AXA would pay the judgment when they agreed to the settlement and assigned Wallace's rights under the AXA policy. Nothing is pled suggesting that any affirmative representations were made to her on that score and the third-party complaint may not state a cognizable claim. But, whether it does or does not, Petrich's third-party claim does not seem to arise from the same nucleus of operative facts giving rise to this declaratory judgment action, at least not as pled.

In any event, putting aside service of process issues, and failure by Petrich to obtain leave to file the third-party complaint(s), it is apparent that she has also failed to establish this court's personal jurisdiction over third-party

3

defendant Rubin.  See <u>Sawtelle v. Farrell</u>, 70 F.3d 1381 (1st Cir. 1995).  Attorney Rubin is not alleged to have sufficient minimum contacts with New Hampshire to warrant the exercise of personal jurisdiction over him, and all of the acts complained of by Petrich occurred in Vermont, where both Rubin and Wallace reside. The settlement agreement related to the Vermont litigation; it was negotiated and executed in Vermont; if any actionable representations were made to Petrich, they were made in Vermont, where she resides; Petrich relied on those representations in Vermont if anywhere; and, finally, to the extent Petrich suffered any injury as a result of the alleged misrepresentations, it was felt in Vermont.  See <u>generally</u>, <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945); <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980); <u>Quinones v. Pennsylvania General Ins. Co.</u>, 804 F.2d 1167 (10th Cir. 1986).

Attorney Rubin was not served in New Hampshire, is not domiciled here, has insufficient minimum contacts here to support the exercise of personal jurisdiction over him, and has not consented to this court's exercise of personal jurisdiction.

4

Accordingly, Attorney Rubin's motions to dismiss the third-party complaint against him for lack of personal jurisdiction (documents no. 30 and 34) are granted.[1]

Third-party defendant Wallace is in a somewhat different position, however, because he is already before the court as a defendant in the principal case, and, if he is subject to the exercise of personal jurisdiction relative to plaintiff AXA's complaint, he is also subject to personal jurisdiction with regard to any cross-claims filed by co-defendants in the action.

Petrich filed her claim against Wallace as a "third-party complaint," but it is not. See Fed.R.Civ.P. 14(a). Her claim against Wallace must be asserted, if it can be asserted at all, as a cross-claim against a co-party under Fed.R.Civ.P. 13(g). But, Rule 13(g) limits assertable cross-claims to those claims "arising out of the transaction or occurrence that is the subject matter . . . of the original action." Here, it is clear that even treating Petrich's third-party complaint against Wallace as

[1] Subject matter jurisdiction over Petrich's claims against Attorney Rubin (and Wallace) is also questionable since the parties appear not to be diverse.

5

a cross-claim, it cannot be asserted because it does not arise out of the transaction or occurrence that is the subject matter of the original action.  The original action is a rather straight-forward insurance coverage dispute, while the cross-claim attempts to assert a tort claim in the nature of intentional misrepresentation or fraud.

What constitutes the "same transaction or occurrence" is generally determined by the same standards applicable in determining whether couterclaims are compulsory or permissive, that is:

1.    Whether the issues of fact and law are generally the same (here, they are not – whether coverage exists under the AXA policy is entirely unrelated to whether some guarantee or misrepresentation of coverage was made by Wallace to induce a settlement of his case);

2.    Whether res judicata or collateral estoppel would bar a subsequent suit on defendant's cross-claim (it would not);

3.    Whether the same evidence will support or refute both the original claim and the cross-claim (it will not – the original claim will require legal construction of the policy and adjudication of facts related to coverage, while the cross-claim will involve consideration of wholly independent facts related to representations made by Wallace outside the confines of

the policy, as well as a determination of whether tort or other principles render them actionable); and

4. Whether there is a logical relationship between the claim and cross-claim (there is not, since resolution of AXA's claim will have no effect on the resolution of Petrich's cross-claim against Wallace, notwithstanding the fact that Petrich would likely drop them if coverage is found).

See, generally, J. Wagstaffe, et al., California Practice Guide, Federal Civil Procedure, § 8:333, at 8-73 (1999).

Petrich's cross-claim cannot be asserted against Wallace in this action consistently with Rule 13(g) (and probably could not be asserted in a separate suit in this district due to the likely absence of personal jurisdiction for the same reasons given with regard to Attorney Rubin). Accordingly, Petrich's "third-party complaint" against co-defendant Wallace is dismissed, without prejudice.

## Conclusion

Plaintiff's motion to stay (document no. 37) is granted. All motions pending and not ruled on in this order are denied without prejudice and with leave to refile in the event the case

7

is not later dismissed in accordance with the terms of the alleged Vermont settlement agreement between the parties. Third-party defendant Rubin's motions to dismiss (documents no. 30 and 34) are granted, and the complaint against him is dismissed for lack of personal jurisdiction. The "third-party complaint" against defendant Wallace is treated as a cross-claim and Wallace's motion to dismiss (document no. 35) is granted for the reasons given herein. The cross-claim is dismissed without prejudice.

    **SO ORDERED.**

                    _____
                    Steven J. McAuliffe
                    United States District Judge

March 3, 2000

cc:  Andrew J. Palmer, Esq.
     Merike Petrich
     Wallace Roberts
     Michael F. Hanley, Esq.
     Cheryl M. Hieber, Esq.